REGAN, Judge.
Plaintiff, Miss Thelma A. Figenschue, instituted this suit against the defendant, Mrs. Dora Mitchell, endeavoring to recover the sum of $2,000 as damages for “embarrassment, humiliation and illegal detention and seizure of her belongings,” and $1,554.98 in addition thereto, in the event that defendant “has destroyed or concealed her personal belongings.” Plaintiff, fearing that defendant would dispose of her property, requested that the judge, a quo, order the issuance of a writ of sequestration commanding the Civil Sheriff for the Parish of Orleans to seize all of her personal property which was in the possession of the defendant.
Defendant answered and admitted that “she refused to deliver the goods and baggage belonging to the plaintiff because of the fact that the plaintiff owes a board bill of $490.00 and that under Article 3232 (et seq.) of the Revised Civil Code * * defendant has a lien and privilege on the effects of the plaintiff herein for the unpaid board bill of the plaintiff.” Defendant then reconvened claiming that plaintiff was indebted unto her in the sum of $490 for meals furnished to plaintiff from May 1st, 1946 to March 2, 1948 at $5.00 per week.
The court, a qua, rendered judgment dismissing plaintiff’s suit and awarded defendant a judgment of $490 in conformity with the prayer of her reconventional demand. Hence this appeal 'by the plaintiff.
The record reveals that Mrs. Dora Mitchell operated a “rooming house” in 1319 Canal Street, in the City of New Orleans, for approximately eight years and that on May 1, 1946, plaintiff established her *354 residence in Mrs. Mitchell’s home. Defendant testified that the amount of the room rent was $10 per week and, at that time, no agreement was made relative to the furnishing of two or more meals a day. This fact, however, is disputed by the plaintiff, who contends that shortly before May 1, 1946, Mrs. Mitchell, with whom she had been friendly for over twenty years, communicated with her and informed her that she had a room vacant and requested that she move in her residence. Plaintiff stated that when she inquired “how much the room would cost”, defendant informed her “whatever you are paying your sister-in-law is all right with me.” Plaintiff testified that she paid her sister-in-law $10 a week for room and board.
Defendant, in opposition thereto, testified that when plaintiff “moved in she said she wouldn’t be eating there”, but that she was informed that if she did have her meals in defendant’s home “she would have to pay extra” and diefendant’s charge therefor would be the sum of $5 per week.
Plaintiff has admitted that she ate two meals a day in the home of defendant and that on holidays and Sundays she probably had three meals.
There is a stipulation contained in the record to the effect that the clothes and personal possessions of plaintiff are not at issue since they have been returned by the defendant to the plaintiff, therefore, the only query posed for our consideration is one of fact and that is whether the plaintiff was indebted unto the defendant for meals furnished her at the rate of $5 per week from May 1, 1946 to March 2, 1948.
The trial court resolved this question in favor of the defendant plaintiff in recon-vention and our diligent examination of the record fails to disclose any manifest error in its conclusion. However, we do find a discrepancy in the amount actually awarded to the defendant 'by the trial court and the amount actually due by virtue of a computation of the figures contained in the reconventional demand of defendant. In her reconventional demand defendant claimed that plaintiff was indebted to her for board at the rate of $5 per week from May 1, 1946 to March 2, 1948. We have computed this period of time and find it encompasses 95 weeks and 3 days which, figured at $5 a week, amounts to $477.13.
For the reasons assigned the judgment appealed from is amended so as to reduce the amount awarded the defendant and plaintiff in reconvcntion- from the sum of $490 to the sum of $477.13 and as thus amended it is affirmed.
Amended and affirmed.